**THE LAW OFFICES OF**
**BENJAMIN G. KELSEN, ESQ. LLC**
**1415 Queen Anne Road, Suite 206**
**Teaneck, NJ 07666**
**Phone: 201-692-0073**
**Fax: 201-692-0151**
**Email: info@kelsenlaw.com**

| | |
|---|---|
| **MICHAEL HELLER**,<br><br>Plaintiff(s),<br><br>v.<br><br>**CITIBANK, NA**, A Professional Collection Agency and **JOHN DOES 1-25**,<br>Defendant(s) | **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>**CIVIL ACTION:**<br>_____<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND DEMAND FOR JURY TRIAL** |

Plaintiff **MICHAEL HELLER** ("Plaintiff"), by and through his attorneys, **THE LAW OFFICES OF BENJAMIN G. KELSEN, ESQ. LLC**, as and for his Complaint against the Defendant **CITIBANK, NA** (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action on behalf of themselves for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

## PARTIES

2.      Plaintiff is a resident of the City of Lakewood, County of Ocean and the State of New Jersey.

3.      Defendant **CITIBANK, NA** ("Citi") is a corporation with its principal place of business located in  1 Court Square, Long Island City, New York, New York 11101.

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over this matter pursuant to 28 USC §1331.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FIRST CAUSE OF ACTION
### *(Citibank's Violations of the TCPA)*

6.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

7.     On information and belief, on a date better known to the Defendant, began its campaign of communicating with the Plaintiff regarding his spouse's Macy's credit card account via the use of an automated telephone dialing system and prerecorded messages since June of 2016 by calling his cell phone number of 732-642-0295 over 90 times.

8.     Plaintiff is the sole subscriber of the cellular telephone account bearing the phone number of 732-642-0295, and has been the sole subscriber of that account at all times relevant hereto.

9.     Plaintiff is the sole party financially responsible for the payment of the cellular telephone account bearing the phone number of 732-642-0295, and has been the sole party financially responsible for that account at all times relevant hereto.

10.    Plaintiff is the customary and sole user of the cellular phone number 732-642-0295, and has been the customary and sole user of that phone number at all times relevant hereto.

11.    The Defendant called from numerous phone numbers, including but not limited to 800-295-4057 and 800-782-7756, all of which numbers belong to the Defendant.

12.    On or about August 25, 2016, Plaintiff called the Defendant and after following the directions of the robotic voice on the other line, was connected to a live representative on the line.

13.    During the August 25, 2016 phone call, the Plaintiff requested that the Defendant stop calling his cell phone.

14.    After August 25, 2016, Defendant called the Plaintiff in excess of 90 times with an automated telephone dialing system and prerecorded voice messages.

15.    The Plaintiff never gave the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system or prerecorded voice.

16.     Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendant to stop calling his cell phone number multiple times.

17.     Defendant refused to cease calling the Plaintiff's cellular phone, and continued to call the Plaintiff's cellular phone via the use of an automated telephone dialing system and prerecorded voice.

18.     By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

19.     The Defendant therefore willfully violated the TCPA numerous times by placing autodialed calls and prerecorded messages to the Plaintiff's cell phone after he expressly instructed the Defendant to cease calling him.

20.     As a direct result of Defendant's placement of calls to Plaintiff, Plaintiff was further deprived of the use of his cellular phone during the times that the Defendant was calling his phone, along with the nuisance that readily comes with receiving auto dialed phone calls.

21.     Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

22.     As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## DEMAND FOR TRIAL BY JURY

23.    Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its  Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

24.    **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

    a.    For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

    b.    Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

    c.    For any such other and  further relief, as well  as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: September 26, 2016

Benjamin G. Kelsen, Esq.
**THE LAW OFFICES OF**
**BENJAMIN G. KELSEN, ESQ. LLC**
*Attorneys for Plaintiff*

## DEMAND  FOR  T RIA L  B Y  JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: September 26, 2016

Benjamin G. Kelsen, Esq.
**THE LAW OFFICES OF**
**BENJAMIN G. KELSEN, ESQ. LLC**
*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, **BENJAMIN G. KELSEN**, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated: September 26, 2016

Benjamin G. Kelsen, Esq.
**THE LAW OFFICES OF**
**BENJAMIN G. KELSEN, ESQ. LLC**
*Attorneys for Plaintiff*

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

Dated: <u>September 26, 2016</u>

Benjamin G. Kelsen, Esq.
**THE LAW OFFICES OF**
**BENJAMIN G. KELSEN, ESQ. LLC**
*Attorneys for Plaintiff*